UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In the Matter of the Complaints of
Upper River Services, LLC, and Ingram
Barge Company, for exoneration from,
or limitation of, liability,

Civil No. 08-5058 (JNE/AJB)
ORDER

Deborra Burns Abraham, as trustee for the heirs and next of kin of Melissa Rae Burns; Kimberly Schwake, as trustee for the heirs and next of kin of Thomas Schwake; and DeAnna Rimnac, as trustee for the heirs and next of kin of Michael Rimnac, brought separate wrongful death actions in state court against, among others, Upper River Services, LLC, (URS) and Ingram Barge Company (Ingram). Each action seeks damages in excess of $1,000,000.00, arising out of a May 29, 2005, allision involving a recreational boat and a moored barge in which Melissa Burns, Thomas Schwake, and Michael Rimnac died. URS and Ingram (Petitioners) timely filed this action for exoneration from or limitation of liability under the Limitation of Liability Act (the Limitation Act), 46 U.S.C. §§ 30501-30512 (2006), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Rule F).

The Limitation Act limits "the liability of the owner of a vessel" to the "value of the vessel and pending freight" for any claim "arising from . . . any loss, damage, or injury by collision . . . occasioned[] or incurred[] without the privity or knowledge of the owner." 46 U.S.C. § 30505 (a), (b). In other words, the Limitation Act "alters the normal rules of vicarious liability by limiting the [vessel] owner's liability for any injuries caused by the negligence of the captain or crew to the value of the [vessel] unless the owner himself had privity or knowledge of the negligent acts." *Matheny v. Tenn. Valley Auth.*, 557 F.3d 311, 315 (6th Cir. 2009) (quotation marks omitted). Rule F, which provides the procedural mechanism by which owners can seek to limit their liability under the Limitation Act, also permits owners to "demand exoneration from .

1

. . liability." The procedure under Rule F for seeking exoneration from or limitation of liability requires

> [t]he district court [to] secure[] the value of the vessel or owner's interest, marshal[] claims, and enjoin[] the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). Thus, in the typical case, a court first determines "whether negligence or unseaworthiness caused the accident." *In re MO Barge Lines, Inc.*, 360 F.3d 885, 890 (8th Cir. 2004). A court then determines "whether the shipowner was privy to, or had knowledge of, the causative agent." *Id.*

In this case, Petitioners stipulated that the combined value of the M/V J.L. Fleming, a river barge towboat, and the barge ING 5831, the moored barge that was involved in the allision, was $732,143.00. After approving the security posted by Petitioners, the Court ordered that the institution or prosecution of any legal actions with respect to the May 29, 2005, allision be "stayed and restrained until the hearing and determination of this proceeding." Deborra Abraham, Kimberly Schwake, and DeAnna Rimnac (collectively, Claimants) timely filed separate claims and answers challenging Petitioners' right to exoneration from or limitation of liability. On September 29, 2009, Deborra Abraham and Kimberly Schwake moved for summary judgment. DeAnna Rimnac moved to join their motion shortly thereafter. Claimants' memorandum in support of their motion argues that "the undisputed facts demonstrate that . . . URS had privy or knowledge of the numerous negligent acts that caused or contributed to [the May 2005 allision]."[1] After extensively arguing the negligence and privy issues, Claimants

---

[1] Claimants argue that "if URS is found to have privy and knowledge of the theories of negligence in this matter, such privy and knowledge should be attributable to Ingram."

2

indicated in a single paragraph at the end of their memorandum that the injunction against the state actions should be dissolved because Petitioners are not entitled to limit their liability. Claimants' reply memorandum further argued that because Petitioners cannot establish the absence of privity, the Court need not address whether negligence caused the allision because a boat owner should "not [be] entitled to force a claimant to a trial without a jury." Therefore, according to Claimants, this action should be dismissed, the injunction staying the state actions should be lifted, and they should be allowed to try their wrongful death actions before juries in their chosen forum.

A substantial body of case law addresses the tension between the saving-to-suitors clause, 28 U.S.C. § 1333(1) (2006), which "gives suitors the right to a choice of remedies," and the Limitation Act, which "gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448. Claimants have not addressed this tension or the resulting exceptions to the exclusive jurisdiction of the federal courts in limitation-of-liability actions. *See, e.g.*, *id.* at 451 (identifying single-claimant and adequate-fund exceptions); *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791-92 (8th Cir. 2001) (applying the single-claimant exception); *see also In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 650-53 (7th Cir. 2007); *In re Beiswenger Enters. Corp.*, 86 F.3d 1032, 1038 (11th Cir. 1996) ("In recent years . . . courts have allowed claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case through appropriate stipulations."); *In re Ingram Barge Co.*, 419 F. Supp. 2d 885, 888-89 (S.D.W. Va. 2006). Without addressing the merits of Claimants' pending motion, the Court will consider a motion to dissolve the injunction staying the state actions and to stay this proceeding pending resolution of those actions. Any such motion shall be filed on or before Friday, January 15, 2010, and shall

include stipulations that protect Petitioners' absolute right to seek a limitation of liability in a federal forum.  Petitioners shall have seven days from the filing of Claimants' motion to respond.  No oral argument will be held.  If no motion is filed, the Court will consider the issue waived and will proceed to a decision on the merits of Claimants' Motion for Summary Judgment.

     IT IS SO ORDERED.

Dated:  December 18, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge