UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In the Matter of the Complaints of
Upper River Services, LLC, and Ingram　　　　　　　　　Civil No. 08-5058 (JNE/AJB)
Barge Company, for exoneration from,　　　　　　　　　ORDER
or limitation of, liability.

Patrick S. Williams, Esq., Molly M. Thornton, Esq., and Kent T. Schoen, Esq., Briggs & Morgan, P.A., and Robert Nienhuis, Esq., and Neal W. Settergren, Esq., Goldstein & Price, L.C., appeared on brief for Petitioners.

Keith J. Kerfeld, Esq., Darin S. Wieneke, Esq., and Kathleen K. Curtis, Esq., Tewksbury & Kerfeld, P.A., appeared on brief for Claimants Deborra Burns Abraham and Kimberly Schwake.

Michael A. Zimmer, Esq., M.A. Zimmer Law, P.C., appeared on brief for Claimant DeAnna Rimnac.

## I.　　INTRODUCTION

Deborra Burns Abraham, as trustee for the heirs and next of kin of Melissa Rae Burns; Kimberly Schwake, as trustee for the heirs and next of kin of Thomas Schwake; and DeAnna Rimnac, as trustee for the heirs and next of kin of Michael Rimnac, brought separate wrongful death actions in state court arising out of a May 29, 2005, allision involving a recreational boat and a moored barge in which Melissa Burns, Thomas Schwake, and Michael Rimnac died. The defendants named in those actions include: Upper River Services, LLC (URS); Upper River Services, Inc.; Ingram Barge Company (Ingram); Ingram Industries, Inc.; Ingram Marine Group; Ingram Marine Management Company; Ingram Corporation; Cargill, Inc.; Cargill Fertilizer, Inc.; Cargill Marine and Terminal, Inc.; DeAnna Rimnac, as Special Administrator of the Estate of Michael Rimnac; Roger Rimnac; and XYZ Corporation. URS and Ingram (collectively, Petitioners) timely filed this action for exoneration from or limitation of liability under the Limitation of Liability Act (the Limitation Act), 46 U.S.C. §§ 30501-30512 (2006), and Rule F

1

of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Rule F).

"Congress passed the Limitation Act in 1851 to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 447 (2001) (quotation marks omitted). To accomplish this purpose, the Limitation Act vests the federal courts with the exclusive jurisdiction to limit "the liability of the owner of a vessel" to the "value of the vessel and pending freight" for any claim "arising from . . . any loss, damage, or injury by collision . . . occasioned[] or incurred[] without the privity or knowledge of the owner." 46 U.S.C. § 30505(a), (b); *In re Muer*, 146 F.3d 410, 417 (6th Cir. 1998) ("Federal courts have exclusive admiralty jurisdiction to determine whether a vessel owner is entitled to limited liability."). In other words, the Limitation Act "alters the normal rules of vicarious liability by limiting the [vessel] owner's liability for any injuries caused by the negligence of the captain or crew to the value of the [vessel] unless the owner himself had privity or knowledge of the negligent acts." *Matheny v. Tenn. Valley Auth.*, 557 F.3d 311, 315 (6th Cir. 2009) (quotation marks omitted). Rule F, which provides the procedural mechanism by which owners can seek to limit their liability under the Limitation Act, also permits owners to "demand exoneration from . . . liability." The procedure under Rule F for seeking exoneration from or limitation of liability requires

> [t]he district court [to] secure[] the value of the vessel or owner's interest, marshal[] claims, and enjoin[] the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis*, 531 U.S. at 448. Thus, in the typical case, a court first determines "whether negligence or unseaworthiness caused the accident." *In re MO Barge Lines, Inc.*, 360 F.3d 885, 890 (8th Cir.

2004). A court then determines "whether the shipowner was privy to, or had knowledge of, the causative agent." *Id.*

In this case, Petitioners stipulated that the combined value of the M/V J.L. Fleming, a river barge towboat, and the barge ING 5831, the moored barge that was involved in the allision, was $732,143.00. After approving the security posted by Petitioners, the Court ordered that the institution or prosecution of any legal actions against URS; Upper River Services, Inc.; Ingram; Ingram Industries, Inc.; Ingram Marine Management Company; barge ING 5831; or the M/V J.L. Fleming arising out of the May 29, 2005, allision be "stayed and restrained until the hearing and determination of this proceeding."[1] Deborra Abraham, Kimberly Schwake, and DeAnna Rimnac (collectively, Claimants) filed separate answers challenging Petitioners' right to exoneration from or limitation of liability. In addition, they each filed separate claims alleging damages and pecuniary loss in excess of $1,000,000.00. On September 29, 2009, Deborra Abraham and Kimberly Schwake moved for summary judgment. DeAnna Rimnac moved to join the motion shortly thereafter.[2] The memoranda supporting Claimants' motion for summary judgment reflected a desire to proceed in state court before a jury. Accordingly, in an Order dated December 18, 2009, the Court indicated that before ruling on the merits of Claimants' summary judgment motions, it would "consider a motion to dissolve the injunction staying the state actions and to stay this proceeding pending resolution of those actions." Deborra Abraham and Kimberly Schwake filed the instant Motion to Dissolve Injunction on January 14, 2010.

---

[1]   The state court stayed the actions as to the remaining defendants on January 14, 2009.

[2]   DeAnna Rimnac labeled the motion as a motion for joinder. The Court treats that motion as a separate motion for summary judgment that incorporates the arguments made in support of the motion filed by Deborra Abraham and Kimberly Schwake.

3

DeAnna Rimnac moved to join the motion the following day.[3] Having received a response from Petitioners, the Court now addresses Claimants' motions.

## II. DISCUSSION

The statutory grant of maritime jurisdiction to the federal courts provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." 28 U.S.C. § 1333(1) (2006) (emphasis added). The final clause, referred to as the saving to suitors clause, "extends to all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved," including trial by jury in state court. *Lewis*, 531 U.S. at 454-55 (quotation marks omitted). As noted above, a vessel owner has the absolute right to seek a limitation of liability in a federal forum under the Limitation Act. 46 U.S.C. § 30505(a), (b); *Muer*, 146 F.3d at 417. Thus, "[s]ome tension exists between the saving to suitors clause and the Limitation Act. One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448. To resolve this tension, federal courts typically "recogniz[e] an exception in which a claimant acknowledges, through certain stipulations, the shipowner's right to limit the amount of its liability in federal court while preserving the claimant's right to have a jury determine in state court whether the shipowner is liable." *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001).

---

[3] DeAnna Rimnac labeled the motion as a motion for joinder. The Court treats that motion as a separate motion to dissolve the injunction that incorporates the arguments made in support of the motion filed by Deborra Abraham and Kimberly Schwake.

4

A claimant may proceed in state court despite the institution of a limitation proceeding in three situations. The first occurs when there are multiple claimants in the limitation proceeding but the claims in the aggregate do not exceed the limitation fund. *See Lewis*, 531 U.S. at 450-51 (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957)); *see also Valley Line Co. v. Ryan*, 771 F.2d 366, 372 (8th Cir. 1985); *Jefferson Barracks Marine Serv., Inc. v. Casey*, 763 F.2d 1007, 1009 (8th Cir. 1985); *In re Universal Towing Co.*, 595 F.2d 414, 418 (8th Cir. 1979). In such a circumstance, there is no need for a federal court to bring all of the claimants together for the orderly administration of a limited fund. *Universal Towing*, 595 F.2d at 418. The second situation occurs when there is only a single claimant. *Lewis*, 531 U.S. at 448-50 (citing *Langnes v. Green*, 282 U.S. 531 (1931)); *see also Riverway Harbor*, 263 F.3d at 791; *Valley Line*, 771 F.2d at 373; *Jefferson Barracks*, 763 F.2d at 1010; *Universal Towing*, 595 F.2d at 418. Upon the filing of stipulations protecting a vessel owner's right to limit its liability in federal court, a single claimant may proceed in its chosen forum because there are not competing claims for a limited fund. *Universal Towing*, 595 F.2d at 418. The third situation, which is the situation presented here, results when there are multiple claimants and an inadequate limitation fund. *See, e.g.*, *Jefferson Barracks*, 763 F.2d at 1009. This presents the classic scenario in which a federal forum is usually required to marshal the various claims and allocate the limitation fund amongst the competing claimants. *See Universal Towing*, 595 F.2d at 418; *see also In re Beiswenger Enters. Corp.*, 86 F.3d 1032, 1038 (11th Cir. 1996). Courts, however, routinely permit multiple claimants to proceed in state court upon the filing of adequate stipulations that effectively turn a multiple-claimant-inadequate-fund situation into a single-claimant situation. *See, e.g.*, *Beiswenger*, 86 F.3d at 1038; *In re Ingram Barge Co.*, 419 F. Supp. 2d 885, 889 (S.D.W. Va. 2006) (noting all courts of appeals to address issue have acknowledged that stipulations can

adequately protect petitioners seeking limitation of liability in multiple-claimant-inadequate-fund situations). Once a vessel owner's right to limit liability in federal court is effectively protected, "the district court must dissolve the injunction against state court proceedings." *Riverway Harbor*, 263 F.3d at 792; *see also Valley Line*, 771 F.2d at 373.

In this case, Claimants stipulated to the following:

1. The United States District Court, District of Minnesota, has exclusive jurisdiction over all issues relating to [URS and Ingram's] right to limit their liability under the [Limitation Act] and Rule F . . . .

2. Claimants waive any claim respecting any res judicata effect on limitation of liability issues as might arise in the event of entry of judgment in the state court action against [URS and Ingram].

3. While Claimants do not agree to the Petitioners' claimed value of the limitation fund and reserve the right to litigate that issue in any limitation action, Claimants agree that the United States District Court, District of Minnesota, has exclusive jurisdiction to determine the value of the limitation fund, including which vessels and barges should be included in the determination of the limitation fund.

4. Claimants agree that should a judgment be obtained in any state court or other proceeding on behalf of any one or more of the Claimants, and should the United States District Court, District of Minnesota, determine that [URS and/or Ingram] are entitled to limit their liability, Claimants will only seek their respective pro-rata proportional share of the limitation fund as measured by their respective proportions of any judgment obtained in the state court or other proceeding.

5. Claimants agree that if the United States District Court, District of Minnesota, determines that [URS and/or Ingram] are entitled to limit their liability, any claim based upon fees and/or costs awarded against [URS and/or Ingram] and in favor of any party in any state court proceeding will have first priority against the available fund.

6. Claimants agree that if a judgment is obtained in any state court or other proceeding on behalf of any one or more of the Claimants, they would not seek to enforce any such judgment in excess of the value of the limitation fund value as determined by the United States District Court, District of Minnesota, whether against [URS or Ingram] or another person or entity that would be entitled to seek indemnity or contribution from [URS or Ingram] until [URS and Ingram's] right to limit their liability and the

value of the limitation fund is determined by the United States District
Court, District of Minnesota.

Petitioners argue that Claimants' stipulations fail to protect their absolute right to seek a limitation of liability in a federal forum because they have not prioritized "the order in which the Claimants' claims would take from the limitation fund."[4] Petitioners apparently foresee a situation in which one Claimant asserts a priority interest over the other Claimants for full payment on any judgment obtained in state court. Claimants, however, expressly agreed to "only seek their respective pro-rata proportional share of the limitation fund as measured by their respective proportions of any judgment obtained in the state court or other proceeding." The Court interprets this stipulation to mean that if Claimants obtain a judgment in state court, and it is later determined that Petitioners may limit their liability, Claimants would have an equal priority to their share of the limitation fund in proportion to the total judgment obtained in state court. Thus, in no circumstance would Petitioners be liable to Claimants for an amount in excess of the limitation fund. This stipulation, together with the others, adequately protects Petitioners' right to seek a limitation of liability in a federal forum. *See In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 652-53 (7th Cir. 2007); *In re Tidewater, Inc.*, 249 F.3d 342, 347 (5th Cir. 2001) ("The claimants' stipulation to payment of claims on a pro rata basis adequately prioritizes the claims."). Therefore, dissolution of the Court's injunction staying the state court proceedings against URS; Upper River Services, Inc.; Ingram; Ingram Industries, Inc.; Ingram Marine Management Company; barge ING 5831; or the M/V J.L. Fleming arising out of the May 29, 2005, allision is warranted. This action is stayed pending resolution of the state court

---

[4] Petitioners maintain that Claimants have not satisfied the multiple-claimant-adequate-fund exception because they have asserted claims in excess of the limitation fund. As Petitioners acknowledge, however, Claimants do not argue for dissolution of the injunction staying the state actions based on an adequate fund.

7

proceedings. *Valley Line*, 771 F.2d at 374 ("Whether the question of limitation must await the trial of the liability issue is a matter for the district court's discretion, to be determined by the circumstances of each case."); *see also Ingram Barge*, 419 F. Supp. 2d at 890 ("[B]y staying the action, the court has continuing jurisdiction to correct unforeseen deficiencies in the amended stipulations should they prove to provide inadequate protection.").

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Deborra Abraham and Kimberly Schwake's Motion to Dissolve Injunction [Docket No. 58] is GRANTED.

2. DeAnna Rimnac's Motion to Join Deborra Abraham and Kimberly Schwake's Motion to Dissolve Injunction [Docket No. 64] is GRANTED.

3. The injunction staying the "institution or prosecution of any suits, actions or legal proceedings of any nature or description whatsoever in any court whatsoever, against [URS], Upper River Services, Inc., [Ingram], Ingram Industries, Inc., Ingram Marine Management Company, Barge ING 5831, or the M/V J.L. Fleming in respect of any claim arising out of or connected with an incident that allegedly occurred on May 29, 2005, on the Minnesota River near mile 12.5 thereof, involving the deaths of Michael Rimnac, Melissa Rae Burns, and Thomas Schwake" is dissolved.

4. This action is stayed pending the outcome of the state proceedings.

5. Deborra Abraham and Kimberly Schwake's Motion for Summary Judgment [Docket No. 32] is DENIED WITHOUT PREJUDICE as moot.

6. DeAnna Rimnac's Motion to Join Deborra Abraham and Kimberly Schwake's Motion for Summary Judgment [Docket No. 42] is DENIED WITHOUT PREJUDICE as moot.

Dated: January 27, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge